# IN RE BARRETT COMPANY.

TRADEMARKS; REGISTRATION.

A design applied to the surface of roofing material, and formed by horizontal and vertical lines embossed or indented into the material in such manner as to leave the entire surface corrugated in squares, is a mere structural feature of the goods, and is not registerable as a trademark. (Following *Herz* v. *Loewenstein,* 40 App. D. C. 277.)

No. 1211. Patent Appeals. Submitted March 11, 1919. Decided March 31, 1919.

HEARING on an appeal from a decision of the Commissioner of Patents refusing registration of a trademark. *Affirmed.*

The facts are stated in the opinion.

*Mr. C. W. Mortimer* for the appellant.

*Mr. Theodore A. Hostetler* for the Commissioner of Patents.

PER CURIAM: Appellant, the Barrett Company, formerly Barret Manufacturing Company, appeals from the refusal of the Commissioner of Patents to grant registration of a trademark for roofing material consisting of a design formed by horizontal and vertical lines embossed or indented into the material in such manner as to leave the entire surface of the roofing corrugated in squares.

The surface of the goods in this instance does not denote origin or anything which would indicate a trademark use. The corrugated surface is a mere structural feature of the goods, and, as such, the design is not registerable as a trademark. *Herz* v. *Loewenstein,* 40 App. D. C. 277.

The Assistant Commissioner briefly disposes of appellant's contention as follows: "The applicant suggests that if its mark had been one or two squares stamped in the corner of the sheet of roofing, there would have been no objection to its registrability if new, and asks what reason there is for refusing registration merely because the applicant has applied the mark all over the surface of the goods. The answer to this is that, by applying the mark all over the surface, the mark ceases to be a mark on the surface and becomes the surface itself. The mark, if there was one, is entirely lost by the mere fact of uniform repetition over the whole surface. It is no longer capable of appealing to the beholder as a mark of origin, but would inevitably create the impression that it was something else."

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                            *Affirmed.*